On Rehearing.
 

 BRUNOT, J.
 

 On the joint motion of W. Harry Johnson, receiver, and W. Harry Johnson, individually, a rehearing was granted in this case.
 

 On a reconsideration of the record we find that Jamos B. Hill, B. E. McCarthy, and J. O. Bradford did not, by the execution of their judgment against W. Harry Johnson and by their garnishment of W. Harry Johnson, as receiver of the Caddo Transfer & Warehouse Company, Inc., acquire any greater right to the property or funds of the Cad-do Transfer & Warehouse Company, Ina, than W. Harry Johnson could have judicially enforced. When the execution and garnishment issued, the funds in the hands of the receiver were not realized from property subject to the lessors’ lien and were then in custodia legis. The rule that a creditor cannot acquire a preference by the garnishment of property in the custody of the court is too well settled to require citation.
 

 From the foregoing it is obvious that in our original opinion we erred in affirming that part of the judgment recognizing James B. Hill, B. E. McCarthy, and J. O. Bradford as preferred creditors and ordering the receiver to pay over to them, as such, the $2,700 then in his possession, and that part of the judgment reserving to said Hill, McCarthy, and Bradford all rights acquired by them by virtue of their garnishment process.
 

 
 *651
 
 Finding that no right was acquired by the garnishment process and that the said Hill, McCarthy, and Bradford are ordinary creditors of the receivership in the sum the receivership is indebted to W. Harry Johnson, it is decreed that, in so far as the judgment appealed from recognizes said Hill, McCarthy, and. Bradford as preferred creditors, and orders that, as such, they be paid $2,700, and, in so far as the judgment reserves to them any right acquired by their garnishment process, the said judgment is avoided and reversed, but in all other respects our original opinion is reinstated and made the final judgment of the court.
 

 In view of the reversal of substantial parts of the judgment, the appellees are taxed with the costs of the appeal.
 

 ST. PAUL, J., takes no part.